Stanard, J.
delivered the following opinion of the court:
The court is of opinion that the evidence mentioned in the first bill of exceptions had a connexion, though very slight, with one of the questions involved in the issue, and though it might have been of very little weight, it was not error to permit it, as a link in a chain of circumstances, to go to the jury.
*285 The evidence mentioned in the second bill of exceptions was properly rejected. The exception does not shew the time of the transaction between the defendants, nor suggest any connexion between the fact the evidence was offered to prove, and any matter in controversy in the suit; nor is there any thing stated in the exception from which such connexion can be inferred.
The evidence mentioned in the third bill of exceptions was properly admissible, to prove that the plaintiffs intended to sell to, and Smith intended to purchase for, a partnership, but was no proof against Chapman Beirne that they were the partners. That evidence, however, was not regularly admissible in this case, even for this limited purpose, until the plaintiffs had offered evidence tending to shew that there was a partnership (either by express contract, or by Chapman & Beirne permitting their names to be used as partners, or otherwise,) between Smith, Chapman and Beirne, that authorized Smith to purchase on the credit of the three.
The law of the case stated in the fourth exception is correctly expounded by the instruction asked for thereon by the defendants. But it is not stated that evidence was offered tending to prove such case; and if the court had simply declined to give the instruction, such refusal might have been justified, on the ground that the case was merely hypothetical, and the law arising on it an abstract question. As the court, however, not only overruled the instruction asked, but proceeded to give an instruction, it is a reasonable implication that there was evidence tending to prove the case, and therefore the rectitude of the judgment on the instruction overruled, and on that given, is proper for enquiry in the appellate court. As before stated, the court erred in overruling the instruction sought. The case stated, to which the instruction given was applied, differs from that on which the instruction was asked; and if such case had been made out by the proof, the instruction *286 was wrong in this, that though the case so stated might create a temporary partnership until election, it was limited to the sale of the goods furnished, and to the . ° profits thereof, and did not extend to purchases and sales of other goods $ and the dissolution of such partnership was effectual in respect to all who may have had actual notice, though such notice may not have been given to the world, or even publicly.
The addition to the instructions, which is the subject of the fifth exception, was not error, if it be understood that the representing themselves and acting as partners by Chapman & Beirne, mentioned in that addition, had relation to an existing and continuing partnership for the sale and purchase of goods, or to a partnership generally, without express qualification or limitation as to the subject or the continuance thereof.
It does not however appear with sufficient clearness, that the said addition was, or was intended to be, so understood ; and for that reason the addition was error.
The judgment ought to be reversed with costs, the verdict set aside, and a new trial awarded, on which the principles herein declared in respect to the admission and rejection of evidence, and the instructions to the jury on the law of the case, are to govern, should occasions occur on the new trial for their application, and the court be asked to apply them.